

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 28, 2018**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | § | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEOFILO GARCIA and | § | CASE NO. 17-60124-RLJ-13 |
| LEONOR GARCIA, | § | |
| | § | |
| DEBTORS. | § | |

## MEMORANDUM OPINION AND ORDER

The chapter 13 trustee, Robert Wilson, filed his motion under Rule 3002.1(e) of the Federal Rules of Bankruptcy Procedure to determine post-petition mortgage fees, expenses, or charges of Nationstar Mortgage, LLC, the servicer of the mortgage on the Garcias' residence. Nationstar had previously filed two notices of fees and expenses incurred since the Garcias' bankruptcy filing and for which it seeks recovery. Such notices are required by Rule 3002.1(c). The two notices reflect total fees and expenses of $900.00. The first notice sought $300.00; it was approved by the Court on April 4, 2018. The second notice reflects fees and expenses of $600.00.

The Trustee opposes allowance of the $600.00 in fees because, with the previously approved $300.00 of fees, the total requested fees and expenses exceed the Court's standard "no-look" fee—meaning no Court review—of $700.00 for secured creditors in a chapter 13 case. Gen. Order 2017-01 ¶ 22. The Trustee submits that Nationstar is improperly "stacking" its attorneys' fees as a way to avoid the dictates of the Court's General Order 2017-01.

The notices state that Nationstar is the servicer for Madison Revolving Trust 2017. The first notice (for the first $300.00) states that the fees are for counsel's reviewing the Garcias' chapter 13 plan on September 29, 2017. The notice was filed on February 2, 2018. The second notice (for $600.00) reflects a charge of $250.00 for "Proof of Claim Loan Payment History" and $350.00 for "Proof of Claim"; such services were provided on December 21, 2017 and January 9, 2018, respectively. These charges, according to Nationstar's counsel, are the agreed-upon standard charges between Nationstar and its counsel. Neither the Trustee nor the debtors challenge the reasonableness of the charges. Nationstar's counsel is Bonial & Associates, P.C. (Nationstar is also referenced as doing business as "Mr. Cooper.")

In response to the Trustee's motion, Nationstar states that the fees are reasonable and necessary and are within Fannie Mae's standard fees for what it pays counsel. Such standard, according to Nationstar, is the industry standard for amounts charged in a bankruptcy case. Nationstar included with its response a Fannie Mae exhibit which, in table format, sets forth the maximum fees allowable for specific services provided by counsel in a bankruptcy case on Fannie Mae mortgage loans. The services and charges here fall within the so-called Fannie Mae guidelines as identified in the exhibit. It appears that such fees were billed to Fannie Mae. (The Court assumes that the mortgage loan here was purchased or guaranteed by Fannie Mae. No

explanation was provided of Fannie Mae's involvement, though this does not appear to be of concern to any of the parties involved.)

The Court's General Order 2017-01, which governs the chapter 13 practice in the Northern District of Texas, deems $700.00 as reasonable compensation for a secured creditor's attorney, provided that such fees and expenses are otherwise allowable under "applicable non-bankruptcy law." The Court regularly approves such amount in chapter 13 cases without a supporting application (with an attached itemization of the services provided and corresponding time entries). The deeming of such fees as reasonable does not prejudice any party in interest from contesting the creditor's right to such fees or to their reasonableness. It likewise does not prejudice the creditor from seeking an amount greater than $700.00 by "application or motion." Upon such application or motion, the Court may, upon a hearing, approve the greater amount if it finds the amount reasonable.

The issue here is simply whether the secured creditor should, without having filed a fee application, be allowed a fee that exceeds the no-look fee by $200.00. It is important to note that the Trustee does not question the reasonableness of the fees. It is unclear what the Trustee means by alleging that Nationstar has improperly "stacked" the fees. Nationstar has simply filed two notices that aggregate $900.00. Given the particular circumstances here, the Court is satisfied that the pleadings that have raised this issue—the two notices, the Trustee's motion, and Nationstar's response to the motion—sufficiently satisfy the additional pleading requirement under the General Order when fees in excess of the no-look fee are requested. Hearing was held on this issue. Nationstar satisfactorily explained the basis for the fees and expenses. The Court will therefore approve the requested fees and expenses of $900.00. This should not, however, be

construed as an endorsement of secured creditors seeking fees in excess of the no-look fee without filing a proper application or motion as required by the General Order.

It is, therefore,

ORDERED that the fees and expenses of $900.00 requested by Nationstar are hereby approved.

### End of Memorandum Opinion and Order ###